[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15052
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:06-cv-00142-WLS


JAMES STANLEY BRANSCOMB,

                                                      Plaintiff-Appellant,


versus


SECRETARY OF THE NAVY,

                                                      Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 13, 2012)


Before DUBINA, Chief Judge, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Appellant James Stanley Branscomb, proceeding *pro se*, appeals the district court's grant of the Navy's motion for summary judgment as to his complaint alleging disability discrimination and retaliation, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101, *et seq*.; the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1)-(2). Specifically, Branscomb argues that the district court erred in granting the Navy's motion for summary judgment as to (1) his disability discrimination claims brought under the ADA and the Rehabilitation Act, (2) his claims of retaliation, in violation of the Rehabilitation Act, and (3) his claims brought pursuant to Title VII. Additionally, Branscomb argues that the district court erred in allowing the Navy to recover its litigation costs.

## I.

We review *de novo* a grant of summary judgment. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Holloman*, 443 F.3d at 836-37. The moving party bears the initial burden of production. *Shiver v. Chertoff,* 549 F.3d 1342,

2

1343 (11th Cir. 2008). If this burden is met, the nonmoving party must respond with evidence showing that a reasonable jury could find in its favor. *Id.* While agency determinations generally may be significant evidence, they are not binding on the district court, which must review *de novo* the employee's claims. *Moore v. Devine*, 767 F.2d 1541, 1550–51 (11th Cir. 1985); *see also Ellis v. England*, 432 F.3d 1321, 1324 (11th Cir. 2005) (noting a federal employee's entitlement to *de novo* review of his claims).

Both the Americans with Disabilities Act ("ADA") and the Rehabilitation Act prohibit employers from discriminating against disabled persons. *See* 42 U.S.C. § 12112(a); 29 U.S.C. § 794(a). Discrimination claims brought under these acts are governed by the same standards. 29 U.S.C. § 794(d); *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000). Under both acts, a plaintiff makes a *prima facie* case of disability discrimination by showing that he (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of his disability. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

Under the first prong, a person is "disabled" only if he suffers from a physical or mental impairment that substantially limits one or more of the major life activities. 42 U.S.C. § 12102(2)(A); 29 U.S.C. § 705(9)(B) (here incorporating

the ADA's definition); *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000). Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); *Chanda*, 234 F.3d at 1222.

An impairment "substantially limits" such an activity only if it renders the individual unable to perform "a major life activity that the average person in the general population can perform" or significantly restricts the "condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." *Chanda,* 234 F.3d at 1222 (internal quotation marks omitted). Additionally, the regulations discuss (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the expected permanent or long-term impact. 29 C.F.R. §§ 1630.2(j)(1)(i), (ii). A "diminished activity tolerance for normal daily activities such as lifting, running and performing manual tasks" does not satisfy this requirement. *Chanda*, 234 F.3d at 1222.

When a plaintiff claims that he is substantially limited in the major life activity of working, his condition must significantly restrict his ability to perform "either a class of jobs or a broad range of jobs in various classes as compared to

4

the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(I); *Pritchard v. S. Co. Serv.*, 92 F.3d 1130, 1133 (11th Cir. 1996). "An impairment does not substantially limit the ability to work merely because it prevents a person from performing either a particular specialized job or a narrow range of jobs. Nor does the inability to perform a single, particular job . . . constitute a substantial limitation in the major life activity of working." *Pritchard*, 92 F.3d at 1133 (internal quotation marks omitted). For example, we have held that both the occupations of an airplane pilot and a police officer are too narrow a range of jobs to constitute a "class of jobs" for the purposes of establishing a disability under the ADA. *See Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369–70 (11th Cir. 1998) (airline pilot); *Rossbach v. City of Miami*, 371 F.3d 1354, 1361-62 (11th Cir. 2004) (police officer).

EEOC regulations list several factors that a court may consider in determining if a plaintiff is substantially limited in his ability to work, including: the geographical area to which the plaintiff has reasonable access; the job from which the individual has been disqualified because of impairment; and the number and types of jobs using and not using similar training, knowledge, skills, or abilities, within the geographic area. *Mullins v. Crowell*, 228 F.3d 1305, 1314 (11th Cir. 2000). A plaintiff is not required, however, to present expert evidence

5

regarding the number of jobs available or unavailable in the relevant geographic area but may sufficiently demonstrate the limitation on his ability to work with testimony regarding his or her own job search. *Id.* at 1314 n.18.

Under the second prong, a "qualified individual" is an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position at issue. 42 U.S.C. § 12111(8). The plaintiff, in other words, "must show either that he can perform the essential functions of his job without accommodation, or, failing that, show that he can perform the essential functions of his job with a reasonable accommodation." *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000). Thus, if the plaintiff is unable to perform an essential function of his job, even with an accommodation, "he is, by definition, not a 'qualified individual' and, therefore, not covered under the ADA." *Id.*

Additionally, a plaintiff cannot maintain a claim of disability discrimination based on his employer's failure to provide a reasonable accommodation unless he specifically demanded such an accommodation. *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999). A reasonable accommodation may include reassignment to a vacant position. 42 U.S.C. § 12111(9)(B); *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001). However, even if a disabled employee is qualified for and capable of performing another existing

6

position, the employer is not required to reassign the employee if there is no vacancy. *Id.* at 1257.

Here, we conclude from the record that the district court did not err in granting the Navy's motion for summary judgment because Branscomb did not make a *prima facie* showing of disability discrimination. Branscomb was not "disabled" under the statutes. The Navy offered evidence that Branscomb's restrictions would not prevent him from working, even as a welder. Branscomb offered no contrary evidence, beyond generally pointing to his medical records, and nothing indicates that his injuries were so egregious that he could not grip tools or perform repetitive work below shoulder-level.

Additionally, we conclude that Branscomb was not a "qualified individual" under the statutes. Branscomb conceded that, due to his physical limitations, he would be unable to obtain the necessary certifications or perform the duties of his former welding position even with reasonable accommodations.

Finally, for the sake of discussion, Branscomb has failed to show that the Navy violated its statutory duty to provide him with reasonable accommodations. He now argues that the Navy should have reassigned him to a vacant position, but he did not show that he applied for or expressed interest in any such position. The day of his termination, he did suggest reassignment to a position as a security

7

guard, but he did not offer evidence that he was qualified for this position, was physically capable of performing this position, or that it was vacant.

## II.

An employer may not retaliate against an employee for opposing any employment practice made unlawful by the ADA.  42 U.S.C. § 12203(a); *Hosanna-Tabor Evangelical Lutheran Church and Sch. v. E.E.O.C*, ___ U.S. ___, 132 S. Ct. 694, 701 (2012).  To avoid summary judgment on a retaliation claim, the plaintiff must show (1) that he engaged in a protected activity, (2) that he suffered an adverse employment action, and (3) that the protected activity was causally connected to the adverse employment action.  *Garrett v. Univ. of Ala. at Birmingham Bd. of Tr.*, 507 F.3d 1306, 1315-16 (11th Cir. 2007).  To recover for retaliation, "the plaintiff need not prove the underlying claim of discrimination which led to h[is] protest, so long as []he had a reasonable good faith belief that the discrimination existed."  *Meeks v. Computer Assoc. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994) (discussing a retaliation claim brought under Title VII) (internal quotation marks omitted).  Once a *prima facie* case has been established, the employer has the burden of articulating a legitimate, nondiscriminatory reason for the challenged employment decision.  *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999).  The plaintiff then must show that the

employer's proffered nondiscriminatory reason is "a pretextual ruse designed to mask retaliation." *Id.* (internal quotation marks omitted).

Here, we conclude that the district court erred in granting the Navy's motion for summary judgment as to Branscomb's claim of retaliation, in violation of the ADA and the Rehabilitation Act, because it failed to address this claim. Instead, without mentioning Branscomb's separate allegations of retaliation, the court granted summary judgment as to Branscomb's claims of disability discrimination because he was not a "disabled person" or a "qualified individual." This determination was not dispositive of Branscomb's retaliation claim, which required only a reasonable belief that the Navy had violated the statutes. Accordingly, we must vacate the grant of summary judgment as to the retaliation claim and remand it to the district court to address the claim in the first instance.

## III.

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination based on an individual's "race, color, religion, sex, or national origin" in federal employment practices. 42 U.S.C. § 2000e-16(a). Absent discrimination based on one of these enumerated characteristics, unfair treatment cannot be an unlawful employment practice under Title VII. *Coutu v. Martin Cnty. Bd. of Cnty. Comm'r*, 47 F.3d 1068, 1074 (11th Cir. 1995).

9

Further, an employer may not discriminate against an employee for opposing any practice made unlawful under Title VII. 42 U.S.C § 2000e-3(a); *see also* 29 C.F.R. § 1614.101(b) ("No person shall be subject to retaliation for opposing any practice made unlawful by [T]itle VII of the Civil Rights Act"). In establishing a *prima facie* case of retaliation under Title VII, as under the ADA, a plaintiff must first show that he engaged in a statutorily protected activity. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

A plaintiff engages in a "statutorily protected activity" only by opposing an unfair employment practice that is at least facially actionable under Title VII. *See Coutu,* 47 F.3d at 1074. In this respect, a plaintiff must show that he had a good faith, reasonable belief that the employer was engaged in unlawful employment practices. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010), *petition for cert. filed*, 80 U.S.L.W. 3378 (U.S. Dec. 9, 2011) (No. 11-780). The plaintiff need not prove that the conduct he opposed was actually unlawful, but the court must measure the reasonableness of plaintiff's belief that his employer engaged in an unlawful employment practice against existing substantive law. *Id.*

Here, we conclude from the record that the district court did not err in granting the Navy's motion for summary judgment as to Brancomb's claims under Title VII. Branscomb alleged employment discrimination based only on his

10

purported disability, which is not a characteristic enumerated in Title VII. Further, based on this substantive law, Branscomb could not have reasonably believe that the Navy engaged in any employment practice made unlawful by Title VII and, accordingly, his opposition was not a statutorily protected activity.

IV.

Under Federal Rule of Civil Procedure 54(d)(1), costs should be allowed to the prevailing party, unless "a federal statute, these rules, or a court order provides otherwise." Fed.R.Civ.P. 54(d)(1). Pursuant to this rule, the prevailing party may submit a bill of costs to be taxed by the court against the nonprevailing party. *Id.; see Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (*en banc*). Ordinarily, the entry of judgment may not be delayed in order to tax costs. Fed. R. Civ. P. 58(e). A motion for costs does not amend or otherwise compromise the finality of the judgment, because it "does not seek reconsideration of substantive issues resolved in the judgment, but relates exclusively to the collateral question of what is due because of the judgment." *Lucas v. Fla. Power and Light Co.*, 729 F.2d 1300, 1301 (11th Cir. 1984).

Here, this issue is not ripe for review because the district court's judgment did not actually assess any costs against Branscomb, but instead merely invited the Navy to seek recovery. At the time of Branscomb's appeal, the Navy had not filed

11

a bill of costs and, accordingly, the court had not taxed any costs against him. Further, as any future award of costs would not amend the instant judgment, Branscomb would be required to separately appeal from this award. Accordingly, we dismiss this part of Branscomb's appeal.

For the aforementioned reasons, we affirm the district court's judgment in part, dismiss in part, and vacate and remand in part.[1]

**AFFIRMED IN PART, DISMISSED IN PART, VACATED AND REMANDED IN PART.**

---

[1]We also **DENY** Branscomb's motion to strike the Navy's appellate brief as untimely.