[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14457
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cv-00142-WLS


JAMES STANLEY BRANSCOMB,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF THE NAVY,

Defendant,

RAY MABUS,
Secretary of the Department of Navy,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 14, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal is the second time that James Stanley Branscomb has challenged pro se a summary judgment in favor of Ray Mabus, the Secretary of the United States Department of the Navy.  Branscomb complained that the Navy discriminated against him based on a disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1)–(2), the Americans With Disabilities Act, id. § 12203(a), and the Rehabilitation Act, 29 U.S.C. § 791(g), and that the Navy interfered with worker's compensation benefits and rescinded a job offer to retaliate after Branscomb appealed his termination, in violation of the Rehabilitation Act, id., and the Disabilities Act, 42 U.S.C. § 12203(a).  We affirmed the summary judgment against Branscomb's complaints of discrimination, but because that "determination was not dispositive of Branscomb's [complaints of] retaliation," we "vacate[d] the . . . summary judgment as to the retaliation claim and remand[ed] . . . to the district court to address the claim in the first instance."  Branscomb v. Sec'y of the Navy, No. 11-15052 (11th Cir. Mar. 13, 2012).  On remand, the district court entered summary judgment against Branscomb's complaints of retaliation.  Branscomb argues that he established a prima facie case of discrimination, but his argument is barred by the law-of-the-case doctrine, see Schiavo ex. rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir.2005).  Branscomb also challenges the summary judgment against his complaints of retaliation.  We affirm.

2

The district court did not err by entering summary judgment against Branscomb's complaint that the Navy retaliated by interfering with his worker's compensation benefits. To establish a prima facie case of retaliation, Branscomb had to establish that he engaged in a protected activity; he suffered an adverse employment action; and the protected activity was causally connected to the adverse employment action. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (11th Cir. 2001). Branscomb argues that, after he appealed his termination to the Merit System Protection Board, he suffered two adverse employment actions when the director of the injury compensation program, Joseph Blanton, wrote letters to the Office of Worker's Compensation Programs that contested Branscomb's application for benefits, see 20 C.F.R. §§ 10.111, 10.117, and that reported the decision of the Board affirming Branscomb's termination and requested cessation of Branscomb's benefits, see id. §§ 10.112, 10.117. Despite Blanton's letters, Personnel Management paid Branscomb disability benefits. Neither of Blanton's letters constituted an adverse employment action because they did not "result[] in some tangible, negative effect on" Branscomb's receipt of worker's compensation benefits. See Lucas, 257 F.3d at 1261.

The district court also did not err by entering summary judgment against Branscomb's complaint that the Navy retaliated by rescinding a job offer. In January 2006, more than a year after his termination, Branscomb accepted an offer

3

to work as an Emergency Services Dispatcher, but in March 2006, Blanton had to rescind the offer because the position was no longer available. Branscomb failed to establish that the retraction was causally related to a protected activity. See id. at 1260. In 2002, Branscomb filed a complaint with the Equal Employment Opportunity Commission, and in March 2005, he appealed his termination, but those activities were too remote to establish causation based on close temporal proximity. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). Branscomb accuses the Navy of having "unclean hands" and allowing "[s]poilation of [e]vidence" that would support his complaint of retaliation, but we will not consider these arguments because they are raised for the first time in Branscomb's reply brief, see Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Branscomb argues that he should not have to pay the costs incurred by the Navy as the prevailing party, see Fed. R. Civ. P. 54(d)(1), but that issue is not ripe for review. The Navy did not move to recover its costs before Branscomb filed his notice of appeal. Because the written judgment does not assess any specific costs against Branscomb and simply invites the Navy to seek costs, we dismiss this part of Branscomb's appeal.

We **AFFIRM** the summary judgment in favor of the Navy.

4